No. 25-1137

# UNITED STATES COURT OF APPEALS
# FOR THE TENTH CIRCUIT

SAVE THE COLORADO, *et al.*,
*Petitioners-Appellees,*

v.

LIEUTENANT GENERAL WILLIAM H. GRAHAM,
Chief, U.S. Army Corps of Engineers, et al.,
*Respondents,*

and

CITY AND COUNTY OF DENVER, acting by and through its
Board of Water Commissioners,
*Respondent-Intervenor-Appellant.*

On Appeal from the U.S. District Court for the District of
Colorado (No. 1:18-cv-3258)
The Honorable Christine M. Arguello

**JOINT MOTION TO SUSPEND MERITS BRIEFING AND HOLD
CASE IN ABEYANCE**

| | |
|---|---|
| Willam S. Eubanks II | Amanda Shafer Berman |
| Matthew R. Arnold | Crowell & Moring LLP |
| Eubanks & Associates, PLLC | 1001 Pennsylvania Ave., NW |
| 1629 K Street NW, Suite 300 | Washington, DC 20004 |
| Washington, DC 20006 | (202) 624-2500 |
| (970) 703-6060 | aberman@crowell.com |
| bill@eubankslegal.com | |

Appellant The City and County of Denver, acting by and through its Board of Water Commissioners ("Denver Water"), and Appellees Save the Colorado et al. jointly move this Court to suspend the merits briefing schedule and hold this case in abeyance pending the further decision of the United States District Court for the District of Colorado regarding the preliminary construction injunction at issue in this appeal.[1]

The reasons for this proposed abeyance are as follows:

1.  This appeal addresses the district court's April 3, 2025 order imposing remedies after deciding in Petitioners' favor on the merits in the underlying challenge to the United States Army Corps of Engineers' grant of a Clean Water Act § 404 permit for the Gross Dam and Reservoir Expansion and associated analyses. *See Save the Colorado v. Graham*, No. 1:18-cv-03258-CMA, ECF 182 ("Remedy Order"). Specifically, Denver Water challenges the court's entry of a preliminary injunction barring "any further construction on the Gross Dam" (the "construction injunction") "pending a hearing on what is reasonable and necessary to make the currently existing structure safe" in order to decide the scope

---

[1] Counsel for the Federal Respondents (who have not filed an appeal at this time) conveyed that the Government takes no position on this motion.

of "a tailored permanent injunction regarding construction of the dam." Remedy Order at 22.

2. On April 6, the district court stayed its construction injunction for fourteen days so Denver Water could appeal that aspect of the Remedy Decision. Denver Water filed its appeal with this Court on April 7, and then filed an emergency motion to stay the district court's order enjoining further construction on the Gross Dam on April 10.

3. On April 11, this Court granted a temporary stay of the construction injunction so that it could entertain expedited stay briefing. Doc. 13. On April 25, the Court of Appeals extended its stay "pending the district court's May 6 hearing and its further order concerning injunctive relief, and [ ] thereafter until this court further orders." Doc. 21.

4. On May 6, 2025, the district court presided over a one-day evidentiary hearing in which the parties presented expert testimony and evidence relevant to the construction injunction. At the close of that hearing, the district court ordered the parties to submit proposed Findings of Fact and Conclusions of Law within one week of the transcript becoming available; that deadline is now May 21, 2025.

5.      Under the merits briefing schedule entered for this appeal on April 22 (Dkt. 20), Appellant's deadline for filing its opening merits brief is June 2, 2025. The parties do not know if the district court will have issued a further decision on the construction injunction by that time.

6.      The parties agree that it makes sense and will conserve the parties' and the Court's resources to suspend merits briefing and hold this case in abeyance (with the extant stay remaining in place, as per the Court's April 25 order) pending that district court decision. That decision may shed further light on the issues before this Court, including those raised in Denver Water's motion for a stay pending appeal and Petitioners' opposition to that motion. The parties each plan to promptly notify this Court of the district court's decision and their respective positions as to whether any further submissions regarding that decision's impact on the pending stay motion are warranted.

7.      Further, if the district court converts its preliminary injunction to some form of permanent relief and enters final judgment, Denver Water will likely appeal the final judgment and all ancillary orders, including all remedy orders as well as the district court's prior merits decision. In that event, the two appeals could be consolidated, and

3

the parties could consult regarding a unified merits briefing schedule that addresses all issues on appeal (including both merits and remedy issues) and thereby avoids redundant briefing.

8.   Once this Court resolves Denver Water's pending stay motion, the parties will submit a joint proposal as to next steps in this appeal within <u>seven days</u> of that decision on the pending stay motion.

For these reasons, the parties respectfully request that this Court grant this motion to suspend the merits briefing schedule and hold these proceedings in abeyance pending the district court's decision regarding the construction injunction.

Respectfully submitted,

/s/ William S. Eubanks II
Willam S. Eubanks II
Eubanks & Associates, PLLC
1629 K Street NW, Suite 300
Washington, DC 20006
(970) 703-6060
bill@eubankslegal.com

*Counsel for Petitioners/Appellees*

/s/ Amanda Shafer Berman
Amanda Shafer Berman
Crowell & Moring LLP
1001 Pennsylvania Ave., NW
Washington, DC 20004
(202) 624-2500
aberman@crowell.com

*Counsel for Respondent-Intervenor/Appellant Denver Water*

4

## CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limitation contained in Fed. R. App. P. 27(d)(2)(A) because, excluding the portions exempted by Rule 32(f), this reply contains 714 words.

This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 2019 in 14-point Century Schoolbook.

<u>/s/ Amanda Shafer Berman</u>
Amanda Shafer Berman

## CERTIFICATE OF DIGITAL SUBMISSION

I hereby certify that with respect to the foregoing:

(1) all required privacy redactions have been made pursuant to 10th Cir. R. 25.5;

(2) if required to file additional hardcopies, that this ECF submission is an exact copy of those documents;

(3) this digital submission has been scanned for viruses with the most recent version of Microsoft Defender, and according to the program is free of viruses.

                                              /s/ Amanda Shafer Berman
                                              Amanda Shafer Berman

## CERTIFICATE OF SERVICE

I certify that on May 19, 2025, I electronically filed the foregoing with the Clerk of Court for the U.S. Court of Appeals for the Tenth Circuit through the appellate CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

<u>/s/ Amanda Shafer Berman</u>
Amanda Shafer Berman