FILED
United States Court of Appeals
Tenth Circuit

May 20, 2025

Christopher M. Wolpert
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

_____

| | |
|---|---|
| SAVE THE COLORADO, a Colorado nonprofit corporation, et al., <br><br> Petitioners - Appellees, <br><br> v. <br><br> LIEUTENANT GENERAL WILLIAM H. GRAHAM, in his official capacity as Chief of Engineers of the U.S. Army Corps of Engineers, et al., <br><br> Respondents. <br><br> ------------------------------ <br><br> CITY AND COUNTY OF DENVER, acting by and through its Board of Water Commissioners (Denver Water), <br><br> Intervenor Respondent - Appellant. | No. 25-1137 <br> (D.C. No. 1:18-CV-03258-CMA) <br> (D. Colo.) |

_____

**ORDER**

_____

This matter is before the court on the parties' *Joint Motion to Suspend Merits Briefing and Hold Case in Abeyance*. (Dkt. No. 22.) The parties note that while the district court held an evidentiary hearing concerning the construction injunction on May 6, 2025, it has not yet issued any decision following that hearing. The parties ask the court to abate this appeal pending that decision.

Upon consideration, the court grants the *Joint Motion* as further set forth below.

First, the court abates this appeal pending the district court's further decision concerning the construction injunction. Within five (5) days of the district court entering a decision concerning the construction injunction (or any other decision that materially affects the abatement of this appeal) or on August 18, 2025 (whichever is earlier), the parties shall file a joint status report that updates the court on the status of all matters relevant to the abatement of this appeal.

**Requirements Pertaining to the Joint Status Report**

The joint status report required by this order shall include all of the following information:

(1) Confirmation that all parties conferred and agreed to the filing of the joint status report;

(2) Each party's position on whether the abatement of this appeal ought to continue;

(3) With respect to any party contending that the abatement of this appeal ought not to continue, a short statement of that party's position on how the appeal ought to proceed;

(4) Each party's position on whether any additional briefing concerning the pending stay motion is warranted and a short statement from each party explaining the basis for that party's position concerning additional briefing. Any party that contends additional briefing is warranted shall indicate—succinctly—the matters to be addressed in any such additional briefing and shall propose a timetable for the filing of any such additional briefing; and

(5) The *Joint Motion* discusses potential further conferral and/or submissions concerning possible future developments in this matter. While the possible future developments are too numerous to identify here, the court notes that it welcomes any proposals from the parties on future case management in this matter.

Second, the court vacates the June 2, 2025 opening brief deadline it previously set. The court will set a new opening brief deadline by subsequent order when it is appropriate to do so.

                Entered for the Court

                CHRISTOPHER M. WOLPERT, Clerk