No. 25-1137

_____

IN THE UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

_____

SAVE THE COLORADO, *et al.*,

*Petitioners-Appellees*,

v.

LIEUTENANT GENERAL WILLIAM H. GRAHAM, JR.,
Chief, U.S. Army Corps of Engineers, *et al.,*

*Respondents-Appellants*,

and

CITY AND COUNTY OF DENVER, acting by and through its Board of Water Commissioners,

*Intervenor-Appellants.*

_____

ON APPEAL FROM THE U.S. DISTRICT COURT FOR THE DISTRICT OF
COLORADO IN CASE 1:18-cv-3258 (HON. CHRISTINE M. ARGUELLO)

_____

**PETITIONERS-APPELLEES' EXPEDITED MOTION FOR
RECONSIDERATION OF THE CLERK'S MAY 20, 2025 ORDER**

_____

| | |
|---|---|
| William S. Eubanks II | Eubanks & Associates, PLLC |
| bill@eubankslegal.com | 1629 K Street NW, Suite 300 |
| Matthew R. Arnold | Washington, DC 20006 |
| matt@eubankslegal.com | (970) 703-6060 |

## INTRODUCTION

Pursuant to Federal Rule of Appellate Procedure 27(b), Petitioners-Appellees ("Petitioners") respectfully request expedited reconsideration of the May 20, 2025 Order, entered by the Clerk of Court, which granted the parties' joint motion to hold this appeal in abeyance, but which also required the parties to jointly notify the Court as to various matters within five days of the district court's decision regarding any injunction against construction, before this Court would consider resolving the fully briefed motion for a stay pending appeal. *See* ECF No. 23 at 2. Because the Order would severely prejudice Petitioners' interests in the event the district court enjoins further construction—in light of the temporary administrative stay that is indefinitely in place, *see* ECF No. 21 at 3—Petitioners respectfully request reconsideration so that Petitioners may promptly notify this Court if an injunction is entered, so that the Court may then promptly resolve the fully briefed motion for a stay pending appeal that is already ripe for resolution.[1]

## BACKGROUND

On October 16, 2024, the district court (Senior Judge Arguello) issued a detailed, 86-page opinion finding multiple, serious violations of the Clean Water

---

[1] Undersigned counsel conferred with opposing counsel about this motion. Respondent-Intervenor Denver Water "reserves its right to respond"; Federal Respondents take "no position on this request."

1

Act and the National Environmental Policy Act committed by the U.S. Army Corps of Engineers ("Corps") in connection with the Moffat Collection System Project ("the Project") proposed by Denver Water. *See* ECF No. 16-1 at 3.[2]

On April 3, 2025, the district court vacated and remanded the Corps' Project approvals and underlying environmental analyses, permanently enjoined expansion and inundation activities related to Gross Reservoir, and preliminary enjoined further construction on Gross Dam pending a hearing to determine the safety of the dam (or measures to ensure its safety) if the Court converts its preliminary injunction into a tailored permanent injunction pending completion of the Corps' remanded decision-making process. *See* ECF No. 16-1 at 3-4.

Although the district court denied Denver Water's request for a stay pending appeal on April 6, 2025, it granted a short, 14-day temporary administrative stay so that Denver Water could seek a stay pending appeal in this Court, reasoning that "the degree of construction [during this 14-day window] would not surpass" the old dam's 340-foot height, which would thus maintain "the status quo ante." ECF No. 16-1 at 4 (quoting ADD-29-30 n.4). Denver Water then filed a stay motion in this Court, which is now fully briefed. *See* ECF Nos. 11, 16-1, 17-1.

---

[2] All ECF docket entries refer to documents filed in this appeal.

2

On April 11, 2025, this Court extended the district court's temporary administrative stay—without ruling on the merits of Denver Water's motion for a stay pending appeal—until briefing was complete on the motion. *See* ECF No. 13. On April 25, 2025, once briefing on the motion was complete, this Court again extended the temporary administrative stay (without ruling on the merits of the motion for a stay pending appeal), "pending the district court's May 6 [evidentiary] hearing and its further order concerning injunctive relief." ECF No. 21.

On May 6, 2025, the district court held an all-day evidentiary hearing, at which it accepted the testimony of four expert witnesses and admitted thousands of pages of safety-related documents into the evidentiary record. The court ordered the parties to file proposed findings of fact and conclusions of law within seven days of receiving the transcript, which the parties filed on May 21, 2025. Although the district court intends to rule expeditiously, Denver Water has attempted to delay final resolution by filing a surprise motion on May 21, 2025 to exclude testimony of Petitioners' expert witness more than two weeks after the hearing, after failing to object to the expert's testimony during the hearing. Thus, while the district court is working to finalize an injunction order and final judgment, it must now also expend time resolving Denver Water's motion to exclude before the case returns to this Court. During every day of delay, Denver Water continues to

3

construct its Project, which lacks lawful approval under multiple federal laws, thereby inequitably and illegally altering the status quo ante.

On May 19, 2025, the parties filed a motion requesting that this Court hold in abeyance the default briefing schedule entered on April 22, 2025. *See* ECF No. 22. In the motion, the parties agreed that they "each plan to promptly notify this Court of the district court's decision and their respective positions as to whether any further submissions regarding that decision's impact on the pending stay motion are warranted." *Id.* at 3. Yet, despite the parties' agreement to immediately notify the Court after a decision by the district court so that this Court may expeditiously resolve the fully briefed motion for a stay pending appeal, the Clerk held the briefing schedule in abeyance but ordered the parties to confer and submit a joint filing "[w]ithin five (5) days of the district court entering a decision concerning the construction injunction." ECF No. 23 at 2-3.

## **DISCUSSION**

Reconsideration of the May 20, 2025 Order is warranted to avoid further prejudice to Petitioners' irreparably harmed interests (as found by the district court). Petitioners should be permitted to promptly notify this Court in the event the district court enters an injunction so that this Court can resolve expeditiously Denver Water's fully briefed motion for a stay pending appeal.

4

To frame this issue, it is important to highlight that the district court's short temporary administrative stay (after denying Denver Water's request for a stay pending appeal) has now, through two extensions by this Court, been transformed from a 14-day *temporary* administrative stay into a *52-day* administrative stay, without any resolution by this Court of the merits of Denver Water's fully briefed motion for a stay pending appeal. This is troubling in light of the district court's explicit finding, as the factfinder that has presided closely over this case for seven years, that a short, 14-day stay was appropriate *only* because "the degree of construction [during this 14-day window] would not surpass" the old dam's 340-foot height, which would thus maintain "the status quo ante." ECF No. 16-1 at 4 (quoting ADD-29-30 n.4). Now, however, due to the need for an evidentiary hearing, the filing of proposed findings of fact and conclusions of law, and Denver Water's filing of a motion to exclude, the "temporary" administrative stay continues to operate indefinitely without any resolution of the stay motion.

The Supreme Court has cautioned against precisely the open-ended, "temporary" administrative stay approach in place here, which is only exacerbated by the May 20, 2025 Order that would add an additional five days of delay (and further Project construction that lacks lawful authorization), *see* ECF No. 23 at 2—which could actually push to seven days if the district court rules on a Monday, *see*

5

Fed. R. App. P. 26(a)(1) (noting that if a time "period would end on a Saturday, . . . the period continues to run until the same time on the next day that is not" a weekend day or holiday). The Supreme Court has explained that "[a]n administrative stay should last no longer than necessary to make an intelligent decision on the motion for stay pending appeal." *United States v. Tex.*, 144 S. Ct. 797, 799 (Barrett, J., concurring in denial of applications to vacate stay).

Indeed, "[o]nce the court is equipped to rule, its obligation to apply the *Nken* factors is triggered." *Id.* Accordingly, once a stay pending appeal is "fully briefed" and ripe for resolution, a court of appeals "should apply the *Nken* factors and decide the motion for a stay pending appeal" and must "do so promptly." *Id.* at 800; *see also id.* at 803 (Sotomayor, J., dissenting from denial of applications to vacate stay) (criticizing a temporary administrative stay that was "temporally unbounded" that "leave[s] the administrative stay in effect for well over a month").

While Petitioners can appreciate why this Court extended the district court's temporary administrative stay to allow the district court to conduct its evidentiary hearing, there is no longer any reasonable justification (for more stay briefing or otherwise) for this Court to delay resolution of Denver Water's fully briefed motion for a stay pending appeal after the district court issues an injunction ruling.

6

Accordingly, rather than building in an additional five-day (and possibly seven-day) extension of the temporary administrative stay once the district court rules before Petitioners may even notify this Court and request prompt resolution of the fully briefed motion for a stay pending appeal—as the May 20, 2025 Order does, *see* ECF No. 23 at 2—Petitioners respectfully request that the Court reconsider the Order and authorize the parties to *immediately* notify this Court (whether individually or jointly) of the district court's injunction decision so that this Court may promptly resolve the pending, fully briefed motion, consistent with the Supreme Court's instructions. *See supra* at 5-6.[3]

Indeed, the parties conferred about this precise issue and ultimately reached resolution, as reflected in the joint motion they filed, agreeing that the parties "each plan to promptly notify this Court of the district court's decision," and whether further stay briefing is warranted—which in Petitioners' view, is *not* warranted. ECF No. 22 at 3. In turn, Petitioners request reconsideration of the Order to ensure

---

[3] Petitioners request the opportunity to notify the Court individually (rather than jointly) because Denver Water has shown throughout this case, as the district court found with respect to its two-year delay through the filing of an unsuccessful motion to dismiss, that Denver Water will capitalize on any opportunity for delay to incentivize further construction, despite the lack of lawful authorization. *See* ECF No. 11-2 at ADD-15–16; *see also id.* at ADD-29–30 (pointing to Denver Water's "past behavior" in anticipating (correctly) that "Denver Water will recommence construction during the 14 days of this temporary stay pending a decision from the Tenth Circuit," despite lacking lawful authorization).

there are no further procedural obstacles to a permanent injunction going into effect once the case returns to this Court (after an already unusually extended temporary administrative stay), should the district court enjoin construction.

## CONCLUSION

For the reasons explained above, Petitioners respectfully request that the Court reconsider its May 20, 2025 Order, modify the Order as discussed herein, and authorize the parties to immediately notify this Court of the district court's injunction decision so that this Court can promptly resolve the motion for a stay pending appeal filed in this Court nearly two months ago.

Respectfully submitted,

 /s/ William S. Eubanks II
William S. Eubanks II
bill@eubankslegal.com

Matthew R. Arnold
matt@eubankslegal.com

EUBANKS & ASSOCIATES, PLLC
1629 K Street NW, Suite 300
Washington, DC 20006
(970) 703-6060

*Counsel for Petitioners-Appellees*

8

# CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limitation contained in Fed. R. App. P. 27(d)(2)(A) because, excluding the portions exempted by Rule 32(f), this reply contains 1,754 words. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 2022 in 14-point Times New Roman font.

*/s/ William S. Eubanks II*
William S. Eubanks II

# **CERTIFICATE OF SERVICE**

I, William S. Eubanks II, hereby certify that on May 28, 2025, I served copies of Petitioners-Appellees' Expedited Motion for Reconsideration on all counsel of record in this case by way of electronic mail (ECF filing), and I further certify that all parties to this case are registered to receive ECF filings in this matter.

        /s/ *William S. Eubanks II*
William S. Eubanks II
Eubanks & Associates, PLLC
1629 K Street NW, Suite 300
Washington, DC 20005
(970) 703-6060
bill@eubankslegal.com

*Counsel for Petitioners-Appellees*